UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CHRIS NAVARRO,

                Plaintiff,

       -against-

THE CITY OF NEW YORK and "JOHN
DOE" 1-5, the names being fictitious and
presently unknown, individually and in
their official capacity as employees of
the New York City Police Department,

                Defendants.

------------------------------------------------------------x

COMPLAINT
08 CV 204 (AKH)(JCF)

Jury Trial Demanded

CHRIS NAVARRO, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint:

### Nature of the Action

1.    This civil rights action arises from the October 12, 2006 unlawful assault on Chris Navarro by New York City police officers. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights, under 42 U.S.C.§1983.

### Jurisdiction and Venue

2.    This action arises under the United States Constitution and 42 U.S.C.§1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367 and asks that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

## Parties

4.  Plaintiff Chris Navarro is a citizen of the United States of America residing in the State and City of New York, County of Brooklyn. He has resided at 405 Lexington Avenue in Brooklyn, a public housing development known as the Louis Armstrong Houses since approximately 1989. At the time of the incident complained of, Mr. Navarro had been employed for more than two years as a steamfitter by Alps Mechanical of Woodside, Queens.

5.  Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6.  Defendants "John Doe" 1-5, all white males, were at all relevant times duly appointed and acting employees of the New York City Police Department, assigned to, upon information and belief, Police Service Area 3, a command which patrols twenty-two New York City Housing Authority Developments within the confines of the 79th, 81st, 84th, 88th, and 90th Police Precincts.

7.  Defendants "John Doe" 1-5 (collectively the "individual defendants") were, at all times relevant, acting under color of state law.

8.  The individual defendants involved in the incident underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

## Notice of Claim

9.  On or about January 13, 2007, a Notice of Claim was served on plaintiff's behalf by certified mail return receipt requested upon defendant City of New York thereby delivering copies thereof to the person designated by law as a person to whom such claims may be served.

10. The Notice of Claim was in writing, sworn to by the plaintiff, and contained the name and post office address of the plaintiff and his attorney.

11. The Notice of Claim set out the nature of the claim, the time when, the place where and manner by which the claim arose, and the damages and injuries sustained by plaintiff.

12. The New York City Comptroller's Office assigned the case Claim Number 2007PI005370.

13. The City of New York has neglected and failed to adjust the claims within the statutory time period.

14. On January 10, 2008, plaintiff initiated a proceeding in New York State Court for leave to file a late notice of claim. The action is currently pending in Supreme Court, County of Kings.

15. This action was commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

Facts Underlying
Plaintiff's Claims for Relief

16. On October 12, 2006 at or about 8:30 p.m. in front of plaintiff's home at 405 Lexington Avenue in Brooklyn, New York, Chris Navarro was assaulted by individual defendants.

17. At that time, Mr. Navarro was walking out of his apartment building with a friend. The pair met a friend of plaintiff's and the three began conversing. Several other men from the neighborhood, all of whom were drinking alcoholic beverages, were outside and nearby and came over to the three.

18. Mr. Navarro spoke with everyone for a few minutes. He did not have a drink.

19. As plaintiff and his friend turned to leave the group, uniformed police officers, including the individual defendants, came out of the building stating that the group had been seen drinking and for everyone to provide identification.

Case 1:08-cv-00204-AKH    Document 1    Filed 01/10/2008    Page 4 of 7

20. Plaintiff, unbeknownst to the officers, was on parole and knew that he likely had a warrant for his arrest because he had not been reporting to his parole officer. He told one of the individual defendants that he had not been drinking and politely asked why he had to show identification. Several of the men who had, in fact, been drinking confirmed that plaintiff had not been drinking. The officer insisted that plaintiff produce identification, Mr. Navarro demurred and the police on the scene then learned of the arrest warrant.

21. John Doe 1, a white male over six feet in height and of husky build, grabbed Mr. Navarro and forced him to the ground. Mr. Navarro was then handcuffed behind his back.

22. Plaintiff, handcuffed and on his belly on the sidewalk, was then attacked by four or five police officers, who kicked and stomped Mr. Navarro about his head and body.

23. Mr. Navarro was taken by ambulance to Woodhull Hospital. He was treated for abrasions and contusions to his head, face and lips and was found to have a fractured greater wing of the right sphenoid, a bone by Mr. Navarro's right temple. He was then transported to the PSA 3 Stationhouse on Central Avenue and, some time after, to Brooklyn Central Booking.

24. At Mr. Navarro's arraignment on charges of resisting arrest, the prosecution was adjourned in contemplation of dismissal.

25. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful assault on plaintiff.

26. As a result of the foregoing, Mr. Navarro suffered, among other things, the shock, fright and humiliation of being publicly beaten along with the deprivation of his constitutional rights, among other injuries.

27. As a result of the foregoing, Mr. Navarro suffered, among other physical injuries, pain and injury to his head, face, scalp, lips, neck and back.

-4-

28.     At all times relevant, in attacking Mr. Navarro, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE FORCE UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

29.     Plaintiff repeats the allegations of paragraphs 1-28 above as though fully stated herein.

30.     By the actions described above, the individual defendants, or some of them, deprived Mr. Navarro of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

31.     As a consequence thereof, Chris Navarro has been injured.

SECOND CLAIM FOR RELIEF FOR ASSAULT

32.     Plaintiff repeats the allegations of paragraphs 1-28 as though fully stated herein.

33.     By the actions described above, Mr. Navarro was intentionally placed in apprehension of imminent harmful and offensive contact.

34.     As a consequence thereof, Chris Navarro has been injured.

THIRD CLAIM FOR RELIEF FOR BATTERY

35.     Plaintiff repeats the allegations of paragraphs 1-28 as though fully stated herein.

36.     By the actions described above, Mr. Navarro was intentionally touched in a harmful and offensive manner.

37.     As a consequence thereof, Chris Navarro has been injured.

FOURTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

38.  Plaintiff repeats the allegations of paragraphs 1-28 as though fully stated herein.

39.  The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Navarro was subjected, despite having a reasonable opportunity to do so.

40.  As a consequence thereof, Chris Navarro has been injured.

FIFTH CLAIM FOR RELIEF FOR NEGLIGENCE

41.  Plaintiff repeats the allegations of paragraphs 1-28 as though fully stated herein.

42.  The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully assault arrestees.

43.  The defendant City of New York's failure properly to assign, train, supervise or discipline its Police Officers, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional uses of force and allowed the individual defendants to believe that they could with impunity assault and abuse Mr. Navarro.

44.  As a consequence thereof, Chris Navarro has been injured.

Request for Relief

**WHEREFORE**, plaintiff respectfully requests that judgment be entered as follows:

(A)  Declaratory relief that plaintiff's right to be free from unreasonable and excessive force under the United States Constitution was violated;

  (B) Compensatory damages in an amount to be fixed at trial;

  (C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

  (D) An award to plaintiff of the costs and disbursements herein;

  (E) An award of attorney's fees under 42 U.S.C. §1988;

  (F) Such other and further relief as this Court may deem just and proper.

Dated: January 9, 2008
    Brooklyn, New York

                  _____
                  Matthew Flamm **MF1309**
                   Attorney for Plaintiff
                 26 Court Street, Suite 600
                 Brooklyn, New York  11242
                 (718) 797-3117